748

**EXTENDICO PROFESSIONAL CARE–TROY, INC. Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; Dorothy Burk Collins, Acting Associate Regional Administrator, Division of Health Standards & Quality, Department of Health & Human Services, Defendants.**

No. 88–3324.

United States District Court, S.D. Illinois.

June 3, 1988.

James W. Morris and Michael R. Twomey, Barrett, Twomey, Morris, Broom & Hughes, Carbondale, Ill., for plaintiff.

Laurence Gilbert and Susan Balter, Asst. Regional Attys., Dept. of Health & Human Services, Chicago, Ill., Robert L. Simpkins, Asst. U.S. Atty., East St. Louis, Ill., for defendants.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendants' Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b). The defendants state that this Court lacks subject matter jurisdiction over this case, and that the plaintiff has failed to state a claim on which relief may be granted. The plaintiff has stated that 42 U.S.C. § 405(g) provides this Court with jurisdiction over this case.

Federal judicial review under § 405(g) is available only after three requirements have been met. *Northlake Community Hospital v. United States,* 654 F.2d 1234, 1240 (7th Cir.1981). The first, and most important, requirement is that the action for judicial review may be brought only "after any final decision of the Secretary made after a hearing...." *Id., citing* 42 U.S.C. § 405(g) (1979). Before there can be a determination that there has been a "final decision of the Secretary," the party desiring the government benefits must first present a claim for those benefits, and then exhaust the appropriate administrative remedies. *Mathews v. Eldridge,* 424 U.S. 319, 329, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976), cited in *Americana Healthcare Corp. v. Schweiker,* 688 F.2d 1072, 1082 (7th Cir.1982). While it is clear that the plaintiff's challenge to its prospective loss of benefits from the government satisfies the first requirement enumerated in *Mathews,* the plaintiff has not exhausted its administrative remedies. Despite this, the plaintiff states that the exhaustion requirement may and should be waived under the circumstances of this case.

■■■ The government may waive the exhaustion requirement through its actions, or the Court may waive the requirement. *Northlake,* 654 F.2d at 1240. The plaintiff states the defendant waived the exhaustion requirement by finding it ineligible to receive Medicaid payments while an administrative review of a less urgent finding of ineligibility was pending. The plaintiff alleges that the government's finding of ineligibility prior to administrative review waived the requirement that the plaintiff seek administrative review of either of the government's rulings of ineligibility.

The Court finds this argument not persuasive due to the statutory basis for the government's action. Under 42 U.S.C. § 1396i(c)(2), the government may determine that a skilled nursing or intermediate care facility no longer qualifies for its programs, or it may determine that there exists "an immediate and serious threat to the health and safety of patients" of the facility. § 1396i(c)(2). If the first determination is made, a facility may continue as a participant in the program pending an administrative appeal. If the second determination is made, the government is not to extend that facility's participation in the program despite a request for administrative appeal.

In the matter before the Court, both determinations were made by the government. Initially, it was determined that the plaintiff no longer qualified to participate in the Medicaid program due to the conditions at its facility. This determination became the subject of administrative review which is still pending. Subsequent to the finding of the plaintiff's disqualification, and its filing for administrative review, the government determined that the conditions at the plaintiff's facility constituted "an immediate and serious threat to the health and safety of the facility's residents." (Exhibit B to defendants' memorandum in support of their motion to dismiss). The government later determined that the facility failed to correct said conditions (Exhibit C, attached to same memorandum), and that the plaintiff's facility would be disqualified as a participant in the Medicaid program as of May 13, 1988. There were two distinct findings by the government, and it is the second finding that is the subject of this litigation.

Clearly, under 42 U.S.C. § 1396i(c)(2), the defendants could terminate the plaintiff facility's participation in the Medicaid program under some circumstances. The issue is whether the government can be precluded from doing so while an administrative review is pending concerning the same facility. After reviewing § 1396i(c)(2), the Court finds no basis for concluding that once a finding of disqualification is made, and an administrative appeal is taken, that facility should be immune from a finding of an "immediate and serious threat" by the government. To so interpret the statute would be to remove the government's only remaining means of protecting Medicaid patients and enforcing Medicaid program requirements. Given the fact that the only facilities faced with this scenario would be facilities previously found to be disqual-

ified, it is nonsensical to find that these very facilities are immune from an immediate disqualification from the Medicaid program. Such would be the impact of finding that the government could not immediately disqualify facilities that were already facing disqualifications, but had appealed a finding of disqualification.

For these reasons, there is no basis for finding that the defendants' determination of an "immediate and serious threat" constitutes a waiver by the government of the exhaustion requirement. Considering the defendants' actions a waiver would allow judicial review and its incumbent delays and costs to be injected into a relatively simple administrative process. Congress established the process in part due to the government's interest in a quick and inexpensive method of dealing with hazardous conditions faced by Medicaid recipients.

The Court finds that the Secretary did not waive the requirement of exhausting all administrative remedies, as required by 42 U.S.C. § 405(g).

In the alternative, the plaintiff states that this Court should waive the exhaustion requirement because the allegations made by the plaintiff constitute a colorable collateral constitutional claim that should be adjudicated. *Mathews*, 424 U.S. at 331, 332, 96 S.Ct. at 900, 901. A review of the *Americana Healthcare Corp. v. Schweiker* and *Northlake Community Hospital v. United States* cases, cited above, serve as a basis for rejecting the plaintiff on this point as well. While *Northlake* concerned Medicare as opposed to Medicaid, this fact is unimportant to the application of the *Northlake* ruling. At issue before the Seventh Circuit in *Northlake* was jurisdiction based on § 405(g), the exhaustion requirement and the termination of government benefits prior to an administrative review. The court stated that safety of patients receiving government benefits and its interest in minimizing the costs of administering its programs are to be given great weight.

> [T]he cost of providing pre-termination hearings on all disgruntled providers would be excessively high. (citation omitted). Hence, when the Government's strong interest in simplicity and expedition and the relatively small risk of error are balanced against the provider's interest, a provider's due process rights appear to be adequately protected by a post-termination hearing.

*Northlake*, 654 F.2d at 1241. Balancing the government's interest with the plaintiff's interest, and the availability of a post-termination hearing, the Court finds no colorable constitutional claim on which to base a ruling that a waiver of the exhaustion requirement is proper.

There being no exhaustion of administrative remedies by the plaintiff, there is no final decision under 42 U.S.C. § 405(g). This Court does not have jurisdiction over this case pursuant to § 405(g), and defendants' motion to dismiss this action for lack of jurisdiction is GRANTED.

IT IS SO ORDERED.